# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN DANA BARBUR, ) | |
| ) | |
| Plaintiff, ) | Case No.2:12-cv-01559-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, JANET ) | |
| NAPOLITANO, United States Secretary of ) | |
| Homeland Security; and LEANDER B. HOLSTON, ) | |
| Field Office Director, Las Vegas Field Office, ) | |
| United States Citizenship and Immigration Services, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court are several motions. First, is a Motion to Dismiss filed by Defendants United States Citizenship and Immigration Services ("USCIS"), Janet Napolitano, and Leander B. Holston (collectively "Defendants"). (ECF No. 10.) Second, are two unopposed Motions to Extend Time to file a response to the Motion to Dismiss (ECF No. 10.), filed by Plaintiff. (ECF No. 11, 13.) Third, is Plaintiff's Motion to Amend/Correct the Complaint. (ECF No. 21.) The Court has considered all relevant oppositions[1] and their respective replies. For the reasons discussed below, Plaintiff's Motions to Extend Time are granted, Defendants' Motion to Dismiss is granted, and Plaintiff's Motion to Amend is denied.

**I.     BACKGROUND**

This case arises out of alleged Fifth Amendment violations relating to the denial of a green card waiver. The facts relevant to this motion as alleged in the Complaint are:

Plaintiff Carmen Dana Barbur came to the United States in 2002 on a J-Visa. (Compl.,

---

[1] As the Court has considered Plaintiff's Opposition to the Motion to Dismiss, the Court grants Plaintiff's unopposed Motions to Extend Time.

ECF. No. 1 at ¶ 9.) On September 24, 2003, Plaintiff married Justin Niehoff. (*Id.* at ¶ 11.) On November 10, 2003, Niehoff filed a "Petition for Alien Relative," which was granted. (*Id.* at ¶ 12.) After an interview conducted by USCIS on December 14, 2004, a temporary green card was issued to Plaintiff. (*Id.* at ¶ 14.) In 2007, Plaintiff and Niehoff separated. (*Id.* at ¶ 18.) In 2010, Plaintiff filed for divorce, which was finalized on February 12, 2010. (*Id.* at ¶ 22.)

On March 22, 2010, Plaintiff filed a petition for removal of conditions on her green card. (*Id.* at ¶ 23.) On May 12, 2011, Plaintiff was summoned for an interview with USCIS in Las Vegas. (*Id.*) Four days after the interview, Plaintiff received notification via letter from Field Office Director Leander Holston ("Director") of the denial of Plaintiff's petition for waiver based on his subjective finding that the marriage "was not entered into in good faith but for [Plaintiff] to obtain an immigration benefit." (*Id.* at ¶ 24.) Plaintiff, through counsel, objected to the Director's findings citing several factual inaccuracies. (*Id.* at ¶ 25.) On August 17, 2011, the Director responded via letter notifying Plaintiff she was being placed into deportation proceedings. (*Id.* at ¶ 25.)

On August 31, 2012, Plaintiff filed the instant Complaint alleging the Director "violated Plaintiff's Fifth Amendment due process rights and liberty interests" by placing her into deportation proceedings "based solely and exclusively upon subjective determinations involving the sexual orientation of Plaintiff's former husband, including related value judgments pertaining to the legitimacy of her marriage to a man that was 'in the closet' at the time the marriage was entered into." (*Id.* at ¶ 27.) Plaintiff seeks a determination that the Defendants' actions are unconstitutional, removal of the conditions on her green card, and monetary relief. Defendant seeks to dismiss the Complaint for lack of subject matter jurisdiction, or alternatively failure to state a claim.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*,

437 U.S. 365, 374 (1978). Accordingly, "[i]n this action, as in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction—that is the power—to adjudicate the dispute." *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). However, even if the parties do not address the question of subject matter jurisdiction, district courts are still under a special obligation to satisfy jurisdictional questions. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (holding that a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments).

### III.   DISCUSSION

####     A.   Sovereign Immunity

District courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Consequently, "[a] court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Consejo De Desarrollo Economico De Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). Waivers of sovereign immunity must be "expressed unequivocally" in statutory text. *Id.*; *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998). The Administrative Procedure Act ("APA") contains a waiver of sovereign immunity for suits seeking nonmonetary relief against the United States, *see* 5 U.S.C. § 702, *Bowen v. Massachusetts*, 487 U.S. 879, 891-93 (1988). While Plaintiff's Complaint does not contain any reference to the APA, Plaintiff's Motion to Amend

seeks to remedy the oversight. Therefore, the Court assumes for the purposes of its analysis that the Complaint adequately alleges a statutory basis for the waiver of sovereign immunity via reference to the APA.

### B. Exhaustion of Administrative Remedies

Under the APA, agency action is subject to judicial review only when it is either: (1) made reviewable by statute; or (2) a "final" action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Plaintiffs must exhaust their administrative remedies before filing suit. *See Reiter v. Cooper*, 507 U.S. 258, 269. (1993). Therefore, "[w]here relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Id.* This rule allows agencies to develop a complete factual record and apply their expertise before judicial review occurs. *White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677 (9th Cir. 1988). Only in "exceptional circumstances" is administrative exhaustion not required. *Id.*

To be sure, the Supreme Court has recognized certain exceptions to the APA's exhaustion requirements. *See Honig v. Doe*, 484 U.S. 305, 327 (1988); *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). One such exception is cases in which constitutional questions are raised. *Mathews v. Diaz*, 426 U.S. 67 (1976). In *Mathews v. Diaz*, resident aliens brought suit challenging the constitutionality of Social Security Act provision. *See Id.* The Court held because "the only issue . . . was the constitutionality of the statute" and that constitutional issue could not be decided by the Secretary of Health, Education and Welfare, exhaustion was not required. *Id.* at 76-77.

However, merely alleging a violation of rights secured by the Federal Constitution does not prevent the doctrine of exhaustion from being applied. *Mont. Chapter of Ass'n of Civilian Technicians, Inc. v. Young*, 514 F.2d 1165, 1167 (9th Cir. 1975). Specifically, "[w]here relief

may be granted on other nonconstitutional grounds, exhaustion is required." *Id.* When the "necessity of deciding the constitutional issues may well be avoided by the grant of alternative administrative relief," the Court should "allow an administrative agency to perform functions within its special competence-to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Id.* at 1168 (citing *Parisi v. Davidson*, 405 U.S. 34, 37 (1972)).

Defendants argue, among other things, that this Court lacks jurisdiction under the APA to review the denial of Plaintiff's waiver application because it is not a final agency action, and Plaintiff has not exhausted her administrative remedies prior to suit. Plaintiff responds that the doctrine of exhaustion does not apply because the Complaint challenges governmental action under the Fifth Amendment, an exception under the APA. Defendants reply that Plaintiff's constitutional claim does not serve as a *per se* exemption of the exhaustion requirement, and exhaustion should be required because the agency has the ability to resolve any potential claims raised by her Complaint.

Here, the Court agrees with Defendants that Plaintiff's mere allegation and reference to a right secured by the Federal Constitution does not prevent the doctrine of exhaustion from being applied. Here, like in *Montana*, relief can be provided even avoiding the constitutional question. Specifically, the immigration judge and Board of Immigration Appeals are fully capable of remedying violations of due process relating to the statutes and regulations within their authority. Allegations of due process violations are precisely the sorts of procedural errors which require exhaustion because, given the opportunity, the immigration court could correct any potential procedural error. *See Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1567 (9th Cir. 1994). Plaintiff will be entitled to *de novo* review of her waiver application; that review by itself may resolve the claims raised in the Complaint. Thus, Plaintiff is required to exhaust her administrative remedies before bringing suit in this Court.

Additionally, Plaintiff's argument that the constitutional question exception removes this case from the ambit of the APA is unavailing.  This case is unlike *Mathews v. Diaz* where the petitioners challenged the constitutionality of the statute in its entirety.  Here, Plaintiff challenges that, as applied to her, the Director's discretionary actions amounted to a due process violation.  Plaintiff's challenge does not relate to constitutionality of the procedures used, but rather the Director's actions based on her specific facts.  Although the Court recognizes Plaintiff's claim raises a question of violation of rights secured by the Federal Constitution, the claim does not amount to a constitutional challenge as was alleged in *Mathews v. Diaz*.  Therefore, Plaintiff's case does not fit within the constitutional question exception and exhaustion is required.

This Court must allow the immigration court to perform its functions within its special competence, to make a factual record, to apply its expertise, and to correct any potential error before addressing this case on its merits.  This Court lacks jurisdiction to hear the matter at this time because there is no final agency action, Plaintiff has failed to exhaust her administrative remedies, and no exceptions under the APA apply to her case.  Therefore, the Motion to Dismiss is granted.

### C. Leave to Amend

Plaintiff seeks leave to amend her Complaint to make reference to the APA to overcome Defendants' arguments regarding sovereign immunity.  However, in light of this Court's determination that Plaintiff must exhaust her administrative remedies prior to bringing suit in this Court and Plaintiff's admission that she has not exhausted her administrative remedies, amendment to reference the APA would not cure the deficiency and would be futile.  Accordingly, the Motion to Amend is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Extend Time (ECF No. 11, 13)

are **GRANTED**.

    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct the Complaint (ECF No. 21) is **DENIED**.

    **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**.  The Clerk of the Court shall enter judgment accordingly, and thereafter close this case.

    **DATED** this 26th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge